IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARK A. ELIAS, | ) | CASE NO. 1:10 CV 472 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | |

## Introduction

This is an action for judicial review of the final decision of the Commissioner of Social Security denying the applications of the plaintiff, Mark A. Elias, for disability insurance benefits and supplemental security income. The parties have consented to magistrate judge's jurisdiction.

The Administrative Law Judge ("ALJ"), whose decision became the final decision of the Commissioner, found that Elias had severe impairments consisting of degenerative disc disease of the lumbar spine, opioid dependence/abuse, polysubstance dependence/abuse, bipolar affective disorder, and antisocial and borderline traits.[1] The ALJ made the following finding regarding Elias's residual functional capacity:

> After careful consideration of the entire record, I find that Mr. Elias has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) with restrictions. Specifically, Mr. Elias can lift,

---

[1] Transcript ("Tr.") at 11.

carry, push, and pull about five pounds frequently and 10 pounds occasionally. In an eight-hour workday, Mr. Elias can sit about six hours and stand and/or walk about two hours.  When seated he needs to be able to stand briefly, i.e. a minute or less, to stretch every 20 minutes.  He cannot climb ladders, ropes or scaffolds, but can occasionally climb ramps or stairs.  He can occasionally stoop, kneel, crouch, and crawl.  He is limited to unskilled work involving only simple, repetitive tasks, and to low stress work, i.e. work that does not involve high production quotas.  He is also limited to no more than superficial interaction with the public and co-workers.[2]

The ALJ determined that the above-quoted residual functional capacity precluded Elias from performing any past relevant work.[3]

Based on a hypothetical question posed to the vocational expert at the hearing incorporation the above-quoted residual functional capacity, the ALJ decided that a significant number of jobs existed locally and nationally that Elias could perform.[4]  He, therefore, found Elias not under a disability.[5]

Elias asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record.  Specifically, he complains that the ALJ did not give sufficient weight to the opinion of his treating physician and that the residual functional capacity finding should have included greater limitations regarding his ability to sit.  Further, such additional limitations should have been incorporated into the hypothetical posed to the vocational expert.

---

[2] *Id.* at 13.

[3] *Id.* at 20.

[4] *Id.*

[5] *Id.* at 21.

I conclude that substantial evidence does not support the ALJ's residual functional capacity finding because the ALJ failed to adequately articulate the reasons given for the weight assigned to the opinions of the treating physician and the various medical sources in this case. Accordingly, this case must be remanded for reevaluation of the residual functional capacity finding.

## Analysis

This case involves the often encountered intersecting of the treating physician's opinion rule set down by the Sixth Circuit in *Wilson v. Commissioner of Social Security* and its progeny,[6] the harmless error exception to that rule,[7] and the substantial evidence standard of review.[8]

Here the ALJ adopted a very restrictive residual functional capacity of less than sedentary but nonetheless found no disability at step five based on a vocational expert's opinion.[9] On one hand, the residual functional capacity was generous given objective medical evidence provided by MRIs, which showed only mild degenerative changes in

---

[6] *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 545-47 (6th Cir. 2004).

[7] *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 747-48 (6th Cir. 2007).

[8] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001); *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986).

[9] Tr. at 20-21.

Elias's lumbar spine.[10]  On the other hand, the treating physician imposed substantial limitation on Elias's ability to sit (2 hours in an 8-hour day),[11] as did a consulting examining physician (4 hours in an 8-hour day).[12]  The only medical source that offered an opinion consistent with the residual functional capacity finding was the state agency reviewing physician, who prepared his evaluation without the benefit of the opinion of the treating physician, which postdated the state agency opinion.[13]

A credible argument for substantial evidence in support of the residual functional capacity exists but for the ALJ's articulation as to weight afforded the opinions of medical sources.  The ALJ gave "full weight" to the postural limitations of the state agency reviewing physician as consistent with the evidence (limitations as to climbing, balancing, stooping, etc.).[14]  He gave "less weight" to the exertional limitations (*e.g.*, sitting) because "the evidence as a whole suggests greater . . . limitations."[15]  Nevertheless, for reasons not explained, he did adopt the exertional limitation on sitting opined by the reviewing physician.[16]

---

[10] *Id.* at 222, 374.

[11] *Id.* at 413-14.

[12] *Id.* at 232.

[13] *Id.* at 252-59.

[14] *Id.* at 18.

[15] *Id.*

[16] *Id.* at 13.

He assigned "some weight" to the opinion of the consulting examining physician, which included a sitting limitation of 4 hours in an 8-hour day.[17]  He observed, nevertheless, that "the evidence as a whole indicates greater limitations."[18]

As for the opinion of the treating physician, the ALJ assigned it "less weight" because it was inconsistent with the evidence and not supported by objective data or examination findings.[19]

The use of the terms "less weight" and "some weight" by this ALJ is not helpful.  Less than what?  Some compared to what?  This is particularly problematic given the ALJ's observations as to the state agency and consulting examination physicians that the evidence supported greater limitations.

The sitting exertional limitation is critical here because the vocational expert testified that if Elias had a limitation to sitting 2 hours in an 8-hour day, no jobs existed that he could perform.[20]

---

[17] *Id.*

[18] *Id.*

[19] *Id.* at 16.  Although the ALJ assigned "less weight" to the opinions of both the state agency reviewing physician and the treating physician, he offered no reason for adopting the former's opinion as to sitting while rejecting the opinion of the latter.

[20] *Id.* at 49.

The ALJ could have followed the opinion of the consulting examining physician, who performed objective testing, the results of which are incorporated in his report.[21]  He limited Elias to sitting 4 hours in a work day and standing 4 hours in a work day, with lifting and carrying 15 pounds occasionally.[22]    But these limitations were not presented to the vocational expert.  I cannot even speculate whether the vocational expert, if given these limitations, would have identified a sufficient number of existing jobs.  And, of course, I cannot decide this case based on such speculation.

On balance, the ALJ's performance here runs afoul of *Wilson*.  As the Sixth Circuit underscored in *Blakley v. Commissioner of Social Security*, substantial evidence does not excuse non-compliance with the regulations on treating physician opinions where such non-compliance deprives the court of a basis for meaningful review of the ALJ's decision.[23]

> However, the ALJ's failure to follow the Agency's procedural rule does not qualify as harmless error where we cannot engage in "meaningful review" of the ALJ's decision.
>
> *    *    *
>
> And, finally, even if we were to agree that substantial evidence supports the ALJ's weighing of each of these doctors' opinions, substantial evidence alone does not excuse non-compliance with 20 C.F.R. § 404.1527(d)(2) as harmless error.[24]

---

[21] Assuming *arguendo* that the opinion complied with the objective testing and would provide substantial evidence in support of a residual functional capacity finding.

[22] *Id.* at 18.

[23] *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 409-10 (6th Cir. 2009).

[24] *Id.*

Given the inadequate and conclusory nature of the ALJ's articulation, I cannot determine how he came up with the 6-hour limitation on sitting.

This case is analogous to *Hensley v. Commissioner of Social Security*, where the ALJ did not accept the opinion of any of the medical sources and reached a finding not consistent with those sources.[25]  According to the Sixth Circuit in *Hensley*, in such circumstances the ALJ must give good reasons for the conclusion adopted.[26]  Here the ALJ did not adequately explain the smorgasbord approach taken to piecing together the opinions of the various physicians in coming up with the residual functional capacity finding.  Specifically, he does not explain why he followed the state agency reviewing opinion limitation on sitting, while rejecting that opinion as to other exertional limitations as not sufficiently restrictive.[27]  And he does not explain why he adopted the treating physician's opinion regarding limitations on lifting, carrying, walking, and standing but rejected it as to sitting.[28]  Nor does he explain why he disregarded the consulting examining physician's limitation on sitting while otherwise giving that opinion "some weight."[29]  To comply with the rule in *Wilson*, the ALJ must paint with a narrower brush.

---

[25] *Hensley v. Comm'r of Soc. Sec.*, 573 F.3d 263 (6th Cir. 2009).

[26] *Id.* at 266-67.

[27] Tr. at 18.

[28] *Id.* at 16.

[29] *Id.*

This case must be remanded for reconsideration of the residual functional capacity finding, with appropriate and adequate articulation regarding the weight assigned to the various medical source opinions.

## Conclusion

The ALJ's residual functional capacity finding does not have the support of substantial evidence.  The Commissioner's decision to deny Elias disability insurance benefits and supplemental security income is reversed and the case remanded under sentence four of 42 U.S.C. § 405(g) for reconsideration of that finding consistent with this opinion. On remand, the ALJ should, in particular, review the limitation in the residual functional capacity finding as to sitting, giving good reasons for the limitation adopted and appropriate articulation about the weight assigned to the opinion of the treating source and other medical sources regarding that limitation.

For purposes of any potential application for attorney's fees under the Equal Access to Justice Act,[30] the Court concludes that the position of the Commissioner was substantially justified.

IT IS SO ORDERED.


Dated:  December 14, 2010                          s/ William H. Baughman, Jr.
                                                   United States Magistrate Judge

---

[30] 28 U.S.C. § 2412(d)(1)(A).